UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 0:23-CV-81150-ROSENBERG**

ANDREW TATE & TRISTAN TATE

    Plaintiffs,

v.

EMMA GABBEY, et al.,

    Defendants.

_____/

**ORDER TO SHOW CAUSE WHY CASE
SHOULD NOT BE REMANDED TO STATE COURT**

**THIS CAUSE** is before the Court *sua sponte*. On August 14, 2023, Defendants Emma Gabbey, Mona Tabara Gabbey, William Gabbey, Aliona Untila, and Matthieu Martelly filed a Notice of Removal of Plaintiffs Andrew Tate and Tristan Tate's state court complaint against them. DE 1. The Court has reviewed the record, including the state court case, and is otherwise fully advised in the premises. For the reasons set forth below, the Court orders the Defendants to show cause why the case should not be remanded to state court.

As removing parties, the Defendants bear the burden of establishing subject matter jurisdiction, and if a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 779 (11th Cir. 2008) ("Federal courts are courts of limited jurisdiction and have the duty to inquire into whether they have subject-matter jurisdiction."). The instant federal action was initiated by the Defendants pursuant to their Notice of Removal. DE 1. In their Notice, the Defendants contend that the Court has subject-matter jurisdiction over this case through diversity jurisdiction under 28 U.S.C. § 1332(a)(2)'s allowance of suits between "citizens of a State and citizens or subjects of a foreign state."

In applying Section 1332(a), Courts have long held that there must be complete diversity between the parties. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1557 (11th Cir. 1989). This requirement must still be met even if parties carry dual citizenship and live abroad: "An individual who is a dual citizen of the United States and another nation is only a citizen of the United States for the purposes of diversity jurisdiction under § 1332(a)." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011). But U.S. citizens who are domiciled abroad are "'stateless' and cannot satisfy the complete diversity requirement . . . against a United States citizen." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007) (quoting *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828, 109 S.Ct. 2218, 2221, 104 L.Ed.2d 893 (1989)).

The Defendants' Notice of Removal and Rule 7.1 Disclosure do not establish this Court's jurisdiction over the instant case. The Notice states the Plaintiffs are both residents of Romania, a foreign state under Section 1332(a), but the 7.1 Disclosure states that Plaintiffs are dual citizens of the United States and United Kingdom. The Defendants have not established the domicile of the Plaintiffs, whether it is in a specific U.S. state or in a foreign state. Additionally, the Defendants have not identified the citizenship of Defendant Emma Gabbey for purposes of Section 1332(a), only stating that she is a U.S. citizen but not providing a U.S. state.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants shall show cause, on or before August 25, 2023, whether and how complete diversity is met in this case and, if Defendants cannot establish that complete diversity is met by a preponderance of the evidence, why Defendants may be entitled to an evidentiary hearing on this matter. The Response shall address the issues identified in this Order. Failure to timely respond to this Order may result in

the remanding of this case.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 17th day of August, 2023.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE