UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No.: 9:23-cv-81150-RLR

ANDREW TATE & TRISTAN TATE,

    Plaintiffs

vs.

JANE DOE, et al.,

    Defendants.

_____/

### ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SEAL AND PROTECTIVE ORDER

THIS CAUSE having come before the Court on the Defendants' Motion to proceed under pseudonym and for partial seal and protective order, pursuant to Rule Fed. R. Civ. P. 5.2, Fed. R. Civ. P. 10, and Fed. R. Civ. P. 26 and for good cause, due to the intimate nature of the matter, the pending criminal prosecution against the Plaintiffs, and the ongoing threats to the Defendants safety and privacy. This Court having considered the motion and all other relevant factors, it is hereby

ORDERED AND ADJUDGED that:

The Motion for Partial Seal and Protective Order is GRANTED. The Plaintiffs shall keep the Defendants' identities confidential throughout the pendency of this case and thereafter. The parties will reference the Defendants exclusively through their designated pseudonym or as "Defendants" in all filings, throughout the course of this case, and in all Court proceedings.

All current and future pleadings and court-filings containing personally identifying information and details involving personal or private information pertaining to any Defendants shall be redacted or sealed from non-party, public viewing. Such personal and/or private material may consist of, among other things, personal identifying information ("PII"), alleged sexual histories or information pertaining to sexual abuse, sexually explicit images (i.e., videos, photographs, etc.), or other information implicating the privacy rights of the Defendants and other individuals.

## **DISCOVERY**

Discovery in this action is likely to involve the production of personal and/or private material, and sensitive information pertaining to the ongoing criminal case against the Plaintiffs in Romania, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled or required to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.

Protected material consists of any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," including all copies, electronic images, duplicates, extracts, summaries, or descriptions that contain information obtained from any Disclosure or Discovery Material that is designated as "CONFIDENTIAL." And any information that could reveal the Defendants' identity.

DESIGNATING PROTECTED MATERIAL

The parties shall mark in good faith all those documents containing information believed to be personal, and/or private, or otherwise not appropriate for public disclosure as confidential.

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a court order otherwise directs. Final disposition shall be deemed to be the later of (a) dismissal of all claims and defenses in this Action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

Except as otherwise provided in this Order, stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") to each page that contains Protected Material. A Party or Non-Party that makes original documents, items, or tangible things available for inspection need not designate them for protection until after the inspecting Party has indicated which documents, items, or tangible things it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents, items, or tangible things it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page or item that contains Protected Material.

(b) for testimony given in depositions that the Designating Party may either

(i) identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony; or

(ii) designate the entirety of the testimony at the deposition as "Confidential" (before the deposition is concluded) with the obligation to identify

4

specific portions of the testimony as to which protection is sought within 30 days following receipt of the deposition transcript

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) for each designation of "CONFIDENTIAL," the Producing Party shall provide an index for said designation identifying specifically the bates numbers designated "CONFIDENTIAL."

Unless ordered by the Court, all inadvertent failures to designate "CONFIDENTIAL" must be corrected within ten (10) days of the production of said material. If such inadvertent failure to designate as "CONFIDENTIAL" is not corrected within ten (10) days, the Designating Party must contact the Receiving Party to give notice of the inadvertent failure to designate, providing the reason(s) for the failure to designate. If the parties cannot agree to the designation, the Designating Party must then move for such designation with the Court. The material sought to be designated shall remain "CONFINDENTIAL" until such a ruling is made by the Court on its designation.

All Parties retain the right to argue that such material is deemed waived for failure to timely designate without reasonable and just cause. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

CHALLENGING CONFIDENTIALITY DESIGNATIONS

Any Party or Non-Party may challenge a designation of CONFIDENTIALITY within fourteen days (14) of the designation. The challenge is initiated through the meet and confer process outlined below.

If a Party contends that any material is not entitled to confidential treatment, such Party may give written notice to the Party or non-Party who designated the material. The written notice given by the Challenging Party must identify, including using citations to Bates numbers, which documents or material marked as "CONFIDENTIAL" the Challenging Party contends are not entitled to confidential treatment. The Designating Party shall, within seven (7) days from the receipt of such written notice, initiate a good faith meet and confer process. The Designating Party shall be deemed the "Moving Party".

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous designations of "CONFIDENTIAL" or challenges to the same, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Designating Party or Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

ACCESS TO AND USE OF PROTECTED MATERIAL

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this action only for prosecuting, defending, or attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. In the event other actions are filed by Counsel in this action, asserting the same or similar legal claims against the same or some of the

6

Defendants as in this Action, the Parties agree to discuss the coordination of discovery as appropriate to avoid unnecessary duplication of effort. Unless otherwise agreed, when the Action has been terminated, a Receiving Party must comply with the "Final Disposition" provisions below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Parties;

(c) the employees and consultants (including in-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) Court reporters and their staff;

(g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:

(1) the deposing Party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

DISCLOSURE OF DEFENDANTS' IDENTITIES.

The Parties, as well as their agents, employees, and assigns shall keep the true identities of Defendants confidential during and after the conclusion of this matter. Notwithstanding the foregoing, the Parties may disclose Defendants' true identities to the following:

(a) The Parties to this litigation;

(b) Counsel for the Parties and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

(c) The Court, court personnel, and members of the jury;

(d) Court reporters, recorders, and videographers engaged for depositions after signing the agreement to be bound by this Protective Order;

(e) Any mediator appointed by the Court or jointly selected by the Parties after signing the agreement to be bound by this Protective Order;

(f) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation after signing the agreement to be bound by this Protective Order;

(g) Any potential, anticipated, or actual fact witness, and his or her counsel, but only to the extent that Defendants' true identities will assist the witness in recalling, relating, or explaining facts or in testifying and after signing the agreement to be bound by this Protective Order;

(h) Any custodian of records, but only to the extent that Defendants' true identities will assist the custodian in obtaining and producing records;

(i) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation after signing the agreement to be bound by this Protective Order;

(j) Government agencies and agency personnel, but only to the extent that the disclosure of Defendants' true identities is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

(k) The Parties are prohibited from disclosing Defendants' true identities to any person or entity other than those listed in this Protective Order. If the parties believe they have good cause to make a disclosure that is not authorized under the terms of this Protective Order, they may bring a motion to the Court for an order allowing disclosure.

<u>PROTECTED MATERIAL SUPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately

(a) notify in writing the Designating Party of the unauthorized disclosures,

(b) use its best efforts to retrieve or cause the deletion of all unauthorized copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

(d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

FILING PROTECTED MATERIAL

All identifying information for Defendants shall be redacted from all public filings. All other Protected Material may not be filed in the public record, including as an exhibit or attachment to a filing, except under seal which requires leave of Court. To eliminate or minimize the need for filing under seal, the Party seeking to file Protected Material ("Filing Party"), when possible, at least five days before filing, must provide a copy of the Protected Material to be filed to the Designating Party. The Designating Party, within three days of receiving the Protected Material, must inform the Filing Party if the documents can be redacted to avoid filing under seal. If the document cannot be suitably redacted by agreement, the Filing Party must move for a court order the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

FINAL DISPOSITION

After the final disposition of this action, within 60 days thereof, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and

any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies (including in digital format), abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DONE AND ORDERED in Chambers at _____ Florida, this _____ day of _____.

                                                                           _____
                                                                           ROBIN L. ROSENBERG
                                                                           UNITED STATES DISTRICT JUDGE