UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:23-CV-81150-RLR

ANDREW TATE & TRISTAN TATE

        Plaintiffs,
v.

EMMA GABBEY, et al.,

        Defendants,

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND

    William Gabbey and Mona Tabbara Gabbey (Served Forum Defendants") are in-state defendants who removed this case after being served, citing the Court's diversity jurisdiction. However, the forum defendant rule precludes in-state forum defendants, like Served Forum Defendants, from removing cases on the basis of diversity jurisdiction. But Served Forum Defendants contend removal is proper on the basis that they are not properly joined. Furthermore, Plaintiffs are residents and domiciled in Romania, which Plaintiffs argue makes them "stateless" under federal law and, thus, cannot satisfy diversity jurisdiction. Defendants further argue that defendant, Matthieu Martelly, is able to remove this case solely based on section 1442(a). However, Matthieu Martelly fails to establish his right under section 1442(a) and case law interpreting section 1442(a). Defendants further claim that this Court should exercise jurisdiction based on alienage jurisdiction. However, alienage jurisdiction also does not confer jurisdiction upon this Court for the same reasons diversity jurisdiction does not.

    THIS CAUSE came before the Court upon Plaintiffs Motion for Remand **(D.E. 31).**

    THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

    **ADJUDGED** that the motion is GRANTED and this case is REMANDED to the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. The Clerk of the

Court is hereby directed to take all necessary steps and procedures to effect the expeditious remand of the above-styled action. It is also **ADJUDGED** that all other pending motions are DENIED as moot.

## I.     Background

This case arises from eight claims against Defendants related to a series of statements that began in April of 2022. On July 11, 2023, Plaintiffs filed their complaint arising out of Florida law in state court against Served Forum Defendants, Emma Gabbey, and Matthieu Martelly, who are all Florida citizens, as well as Aliona Untila who is a resident of the United Kingdom. The same day on July 11, 2023, Plaintiff filed an unsigned summons in state court requesting it issue a signed copy so that Plaintiffs could initiate service. Once a signed summons was issued, service of process was properly effected on Served Forum Defendants.

After service of William Gabbey and Mona Tabbara Gabbey, in-state defendants filed a notice of removal. The Court, *sua sponte*, issued an Order to Show Cause. None of the issues raised in the Defendants' Response to the Order to Show Cause gave rise to this subject matter jurisdiction in this Court.

## II.     Legal Standard and Analysis

A defendant may remove a case from state court to federal court if the district court would have original jurisdiction. Defendants removed this case based on the Court's diversity jurisdiction, Section 1442(a), and Alienage Jurisdiction. There is no question that the amount-in-controversy requirement is satisfied. However, in order to satisfy the diversity requirement, Plaintiffs must be residents of the United States. However, Plaintiffs are, in fact, residents of Romania. Furthermore, even if Plaintiffs were to be determined to be residents of a State within the United States, original jurisdiction is not always enough. There are additional

hurdles to remove a diversity case to federal court, which are at issue in this case and codified at 28 U.S.C. § 1441(b)(2). When removing solely for diversity jurisdiction, a defendant may not remove "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This provision, known as the forum defendant rule, "ordinarily preclude[s] removal based on diversity when there are in-state defendants," who are properly joined and served. *Bowman v. PHH Mortg. Corp.,* 423 F. Supp. 3d 1286, 1288 (N.D. Ala. 2019). "[D]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (emphasis added); accord *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1328 (11th Cir. 2010).

This begs the question of why Congress included the "joined and served" language in the first place. By passing this exception to the forum defendant rule, Congress intended to prevent plaintiffs from eluding federal jurisdiction by simply naming forum defendants that they did not intend to serve, a practice known as fraudulent joinder. *Deutsche Bank Nat'l Trust Co. v. Old Republic Title Ins. Grp., Inc.,* 532 F. Supp. 3d 1004, 1014 (D. Nev. 2021) Courts have interpreted the purpose of the "properly joined" language "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve." *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014), citing *Sullivan v. Novartis Pharm. Corp.*, 575 F.Supp.2d 640, 644 (D.N.J.2008).

In the instant case, the Served Forum Defendants have already been served and appear to be at the core of the alleged false allegations in this case. The Served Forum Defendants have not been included solely for the purpose of keeping the matter in state court.

With regard to Mr. Martelly and section 1442(a), he must have been acting under the color of his office and advance a colorable defense, both of which he has not done. 28 U.S. Code § 1442(a)(1) provides that "a civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

> "(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue."

Moreover, "[t]here must be [a] causal connection between what the officer has done under asserted official authority and the state prosecution." *Maryland v. Soper,* 270 U.S. 9, 33, 46 S.Ct. 185, 190, 70 L.Ed. 449 (1926). In *Naas v. Mitchell*, the court opined that "[u]nder both section 1442a and section 1442(a)(1) removal is authorized where the act complained of was under color of office." 233 F. Supp. 414, 416 (D. Md. 1964). However, the court in *Naas* further opined that "acting in the performance of one's duties or acting within the scope of one's office or employment is not synonymous with acting under color of office."

In *State of Oklahoma*, the court explained that "[t]he efficient operation and administration of the work of the Post Office Department does not require a carrier, while delivering mail to drive his car from a stopped position into the path of an approaching automobile." Similarly, here, the efficient operation of the Marine Corps or Marine Corps Reserves is not furthered by Mr. Martelly, recklessly notifying the world of unproved allegations and suspicions, especially "foreign military friends" outside of his chain of command or the Department of State.

Neither is Mr. Martelly entitled to Official Immunity in this Matter. In *Westfall v. Erwin*, the Supreme Court affirmed the Eleventh Circuit's decision and held that conduct of federal officials must be discretionary in nature and within the scope of employment before the official's conduct is found absolutely immune from state tort liability. 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), aff'g, 785 F.2d 1551 (11th Cir.1986) (Emphasis added.). The discretionary nature of a particular act is central to the question of whether an official should be afforded absolute immunity. *Westfall*, at ––––, 108 S.Ct. at 584–85).

In this matter, there is no discretion or wiggle room on reporting procedures for Mr. Martelly. The powerpoint provided by the DoD indicates that the report should be to a senior officer or the DoD hotlines.

Alienage jurisdiction is a form of diversity jurisdiction under which federal courts may hear cases between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Like the complete diversity rule in cases between citizens of different states, see *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806), alienage jurisdiction prohibits an alien from suing another alien in federal court unless the suit includes United States citizens as plaintiffs and defendants.

Here, as with diversity jurisdiction, 28 U.S.C. § 1332(a)(2) requires Plaintiffs to not be "stateless" or residents of a country other than the United States. The Court is satisfied that Plaintiffs are, in fact, residents and domiciled in Romania.

Surely, in this context, remand is proper.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this _____ of September 2023.

_____
HONORABLE ROBIN L. ROSENBERG

Copies furnished to:

Counsel of Record

Clerk of the Court for the 15th Judicial Circuit in and for Palm Beach County, Florida