**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| ANDREW TATE AND TRISTAN TATE, <br><br> Plaintiffs, <br><br> v. <br><br> EMMA GABBEY, MONA TABARA GABBEY, WILLIAM GABBEY, ALIONA UNTILA, AND MATTHIEU MARTELLY <br><br> Defendants. | Case No.: 9:23-cv-81150-RLR |

**DEFENDANTS' MOTION TO FILE UNDER SEAL**

COMES NOW, counsel for Defendants with a motion to file under seal the Romanian Indictment associated with the Romanian criminal prosecution of the Plaintiffs, Andrew and Tristan Tate. Due to the highly sensitive nature of the information contained in the indictment, which describes crimes of sex trafficking and sexual assault, and because the Romanian court has kept it confidential, Defendants respectfully request that this Court grant the motion to seal the Romanian Indictment until trial, and to keep the victims' names contained within the Indictment under seal, throughout and beyond trial and the conclusion of this case.

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234 (11th Cir. 2007); *Chicago Tribune,* 263 F.3d at 1312 (difference between "material filed with discovery motions and material filed in connection with more substantive motions"); *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 164 (3d Cir.1993) ("[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether

preliminary or dispositive, and the material filed in connection therewith."). However, the Court has the discretion to determine whether documents submitted as part of the record should be sealed. The Court's task "is only 'to balance the competing interests of the parties'" when determining whether to seal a certain document. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2001).

In a case dealing with sexually explicit content, there are a number of privacy factors the Court should consider in determining whether to seal documents, specifically, "whether [parties] were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the [other party]." *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011). Additionally, "[a]mong the factors that courts have recognized as warranting restricting access to court records is the use of records for 'illegitimate purposes [such] as to promote scandal.'" *Rossbach v. Rundle*, 128 F.Supp.2d 1348, 1352 (S.D. Fl. 2000) *quoting Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983). "[C]ommercial harm or embarrassment of a party does not alone justify sealing the entire record of a case", *see Wilson v. American Motors Corp.*, 759 F.2d 1568, 1570-71 (11th Cir. 1985), but "it is appropriate to seal certain records when those particular records contain highly sensitive and potentially embarrassing personal information about individuals", especially when those individuals are parties to the case. *See Rossbach v. Rundle*, 128 F.Supp.2d 1348, 1352 (S.D. Fl. 2000). Additionally, this Court has held that great weight should be given to the privacy interests at stake when criminal witnesses identities are disclosed because this could, "impede the ongoing investigation through obstruction of justice and witness intimidation or retaliation." *In re Sealed Search Warrant*, 622 F. Supp. 3d 1257, 1263 (S.D. Fla. 2022).

In this case, the information contained in the indictment contains the Defendants' highly sensitive personal information of the utmost intimacy – relating to sex trafficking and sexual conduct – and would promote scandal if left unsealed. The document specifically names Defendants and details their accounts of sexual assault. If the information from the Indictment is made available to the public through the court docket it will open the Defendants to further harassment and embarrassment, as they have already endured in conjunction with the filing of this case. [DE 29]. Defendants incorporate by reference the information contained in the Motion for Protective Order. *Id.* Sealing this record poses no risk of harm or unfairness to the Plaintiffs because the Plaintiffs have already been provided a copy of the Indictment by the Romanian criminal court and they are familiar with the facts contained within it. Accordingly, they will not be harmed if this record is not publicly available as part of this case.

Additionally, because the Romanian court has prioritized the confidentiality of the indictment, out of respect for their judicial process, and to protect the victims, this document should remain sealed so as to not prejudice or interfere with those proceedings.

Because this motion concerns sensitive information of the utmost intimacy involving the Defendants, counsel for the Defendants has filed this motion to seal according to Rule 5.4(b) and has conferred in good faith with Plaintiff's counsel according to Rule 7.1(a)(3) but the parties were unable to come to a resolution of this matter.

In conclusion, counsel for the Defendants respectfully requests the Court to grant this motion to file the Romanian indictment under seal at least until trial, and to keep the victims' names contained in the indictment under seal throughout and beyond the conclusion of this case.

Date: 9/13/2023

Respectfully submitted,

By: /s/ Danielle Bianculli Pinter
Danielle Bianculli Pinter
Fla. Bar No. 120441
Benjamin W. Bull*
Peter A. Gentala*
Christen M. Price*
Victoria Hirsch*
**National Center on Sexual Exploitation**
1201 F. St., NW, Suite 200
Washington, DC 20004
dpinter@ncoselaw.org
bbull@ncose.com
pgentala@ncoselaw.org
cprice@ncoselaw.org
vhirsch@ncoselaw.org
Telephone: 202-393-7245

Jillian Roth, Esq. [FBN 1036053]
**Laffey, Bucci & Kent, LLP**
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
jroth@laffeybuccikent.com
Telephone: 215-399-9255

Christian W. Waugh [FBN 71093]
Mary A. Norberg [FBN 1032028]
Sofie Bayer [FBN 1039616]
**WAUGH PLLC**
201 E. Pine Street, Suite 315
Orlando, FL 32801
cwaugh@waugh.legal
mnorberg@waugh.legal
sbayer@waugh.legal
Telephone: 321-800-6008
Fax: 844-206-0245

*Attorneys for Defendants*

*Admitted *pro hac vice*.

**Certificate of Service**

I hereby certify that on September 13, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**SERVICE LIST**

Thomas Maniotis
Equity Legal, PLLC
5201 Blue Lagoon Dr., Flr. 8
Miami, FL 33126
321-313-8642
tamaniots@equitylegal.net

Joseph D. McBride
The McBride Law Firm, PLLC
99 Park Avenue, 6th Flr.
New York, NY 10016
917-757-9537
Jmcbridelawnyc.com

*Attorneys for Plaintiffs*