UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No.: 9:23-cv-81150-RLR

ANDREW TATE AND TRISTAN TATE,

    Plaintiffs

vs.

EMMA GABBEY, et al.,

    Defendants.

_____/

### PLAINTIFFS' MOTION FOR LEAVE TO FILE SURRESPONSE OR THE ALTERNATIVE TO STRIKE DEFENDANTS' REPLY [DE 41]

Plaintiffs, ANDREW TATE AND TRISTAN TATE, by and through the undersigned counsel, move this Court to grant leave to file the Surresponse to Defendants' Reply ("Surresponse") or, in the alternative, strike the Defendants' Reply [DE 41] ("Reply"), for the grounds stated below.

**I.   BACKGROUND**

On July 11, 2023, Plaintiffs brought this action, against Defendants, in state court arising out of defamation and false imprisonment. Defendants contend that this Court is the proper forum, which Plaintiffs vehemently disagree and, therefore, have a pending Motion to Remand to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

Pursuant to this Court's expedited briefing order ("Expedited Briefing Order"), Plaintiffs filed their response in opposition on September 14, 2023 [DE 39] ("Response"). However, the expedited briefing order did not opine that Defendants had the ability to file a reply to that response, but they did so on September 15, 2023 [DE 41] ("Reply"). Due to the nature of the Reply raising new issues outside of the Response, rehashing other issues that were in the Defendants' original motion [DE 29] ("Motion to Proceed Under Pseudonym"), and that the Reply spent the

great amount of time simply attacking counsel for Plaintiffs, Plaintiffs notified the Court and opposing counsel of the intent to file the Surresponse to Defendants' erroneous Reply. The Notice was filed due to the expedited briefing order by this Court to provide notice to the Court and to opposing counsel. Upon receiving such Notice via electronic service, not one of the nine (9) counsels for Defendants reached out to provide opposition to the filing of such Surresponse. Plaintiffs and Defendants have conferred *ad nauseum* about the use of a pseudonym or any other sealing of the file. Defendants have now moved to strike the Surresponse [DE 44].

## II.     PLAINTIFFS REQUEST LEAVE OF COURT TO FILE SURRESPONSE

While Defendants point out that "no additional memoranda of law shall be filed and served without prior leave of Court," Plaintiffs, in good faith, filed the Surresponse the same day as the Reply for the Courts' consideration before the Court made an expedited ruling, as it was clear the Court required expediency in this matter and for Plaintiffs not to be prejudiced by the new matters raised and collateral attacks on Plaintiffs' counsel. Admittedly, the Notice should have also sought the leave of court to comply with the local rule, which Plaintiffs' counsel respectfully apologizes to this Court, and, further, Surresponse should have been filed on an emergency basis and counsel further respectfully apologizes to this Court.

Leave of court "shall be freely given when justice so requires." *Id.* However, a district court may deny a motion if there is undue prejudice to the opposing party or the tardiness of the motion. *Carruthers v. BSA Advertising, Inc.,* 357 F.3d 1213, 1218 (11th Cir.2004). See also *Watkins v. Farmers & Merchants Bank*, 237 F. App'x 591, 593 (11th Cir. 2007).

Here, there is no prejudice to Defendants for Plaintiffs to file a Surresponse to their new issues raised in the Reply and also respond to the new attacks on counsel for Plaintiffs. Furthermore, there was no tardiness to the motion for leave. The Notice and Surresponse were expeditiously filed and this Motion for Leave to file the Surresponse, in accordance with Local

4

Rule 7.1(c)(1), the day following the Reply.

Therefore, Plaintiffs ask this Honorable Court to grant leave of court to and deem the attached Surresponse[1] filed.

### III. IN THE ALTERNATIVE, PLAINTIFFS REQUEST THAT THIS COURT STRIKE DEFENDANTS' REPLY

The local rules of the Southern District of Florida require that "[the] reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." *See* Local Rule 7.1(c)(1). However, Defendants' Reply does not comply with the rule. As a result of the non-compliant Reply and in light of the Court's Expedited Briefing Order, Plaintiffs' counsel filed the Notice and Surresponse, in a good faith effort to protect the rights of the Plaintiffs from being prejudiced by the Reply.

In the Southern District of Florida, assuming *arguendo* Defendants could file a reply outside of this Court's Expedited Briefing Order, Defendants may only file the Reply if the reply memorandum is "limited to rebuttal of matters raised in the memorandum opposing the motion." *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006). "A reply may not properly be used to raise new arguments in support of a party's position." *Id*.

In the Reply filed by Defendants, they spend most of it bashing and accusing Joe McBride of misconduct and talking about a new podcast. They further raise new issues to try to silence the Plaintiffs that are clearly outside of the scope of the Response and Plaintiffs would be prejudiced by such an erroneous Reply. Therefore, if Plaintiffs are not permitted to file the Surresponse to protect their rights, the Reply should be stricken as it simply does not fall within the scope of the issues raised in Plaintiffs' Response.

---

[1] Proposed Surresponse is attached hereto as Exhibit A and also has been filed with the Court [DE 43].

## IV. CONCLUSION

This case before the Court involves Defamation and Damage to Plaintiffs, at the highest levels, and the material collected thus far shows that it was an orchestrated effort to inflict grave harm upon the Plaintiffs. Defendants continue to claim that they are "victims," which they are not.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to grant leave to file the Surresponse or, in the alternative, strike the Defendants' Reply to Plaintiffs' Response, and any other relief that this Court may deem just and proper.

Respectfully submitted this 16th day of September 2023,

| | |
|---|---|
| /s/ Thomas Maniotis, Esq. | /s/ Joseph D. McBride, Esq. |
| Thomas Maniotis, Esq. | Joseph D. McBride, Esq. |
| Florida Bar No. 122414 | NYS Bar No. 5445879 *Pro Hac Vice* |
| Equity Legal, PLLC | THE MCBRIDE LAW FIRM, PLLC |
| 5201 Blue Lagoon Drive, Floor 8 | 99 Park Avenue, 6th Floor |
| Miami, FL 33126 | New York, NY 10016 |
| p:321-313-8642 | p: (917) 757-9537 |
| e: tamaniots@equitylegal.net | e: jmcbride@mcbridelawnyc.com |
| *Attorneys for Plaintiffs:* | *Attorneys for Plaintiffs:* |
| *Andrew & Tristan Tate* | *Andrew & Tristan Tate* |

**CERTIFICATE OF GOOD FAITH CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), I hereby certify that I conferred with counsel for Plaintiffs, Christian Waugh, Esq., on September 16, 2023, by phone at approximately 12:00 pm. Defendants oppose the relief sought in this Motion.

/s/ Thomas Maniotis, Esq.
Thomas Maniotis, Esq.

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on September 14th, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will, on the same day, electronically serve true and exact electronic copies on the persons below to their stated email addresses:

/s/ Thomas Maniotis, Esq.
Thomas Maniotis, Esq.