UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-cv-81150-ROSENBERG/REINHART

ANDREW TATE & TRISTAN TATE,

    Plaintiffs,

v.

Jane Doe, et al.,

    Defendants.

_____/

**ORDER GRANTING DEFENDANTS'**
**MOTION TO PROCEED UNDER PSEUDONYM**

This matter is before the Court on Defendants' Motion to Proceed Under Pseudonym and for Partial Seal and Protective Order, DE 29. The Court has reviewed the record, including the Plaintiffs' expedited response, DE 39, and the Defendants' reply, DE 41.

By way of brief background and context for this Motion, the Romanian authorities currently are prosecuting Plaintiffs for human trafficking and other criminal charges. *See* DE 1-1 at 47 (Plaintiffs' State Court Complaint). The Defendants are related to the Romanian criminal investigation, in that two Defendants are alleged victims (hereinafter, "Victim Defendants"), two Defendants are parents of one of the Victim Defendants, and one Defendant is a Reserve in the U.S. Marines who made a report to the U.S. Embassy in Romania regarding human trafficking. *Id.* at 33, 41.

Plaintiffs seek to prove that Defendants' allegations underlying the criminal investigation are untrue; they have sued the Defendants for such claims as defamation, false imprisonment, tortious interference with a business relationship, civil conspiracy, intentional infliction of emotional distress, and negligent infliction of emotional distress. *Id.* at 44-56.

Defendants have filed this Motion to Proceed Under Pseudonym and for Partial Seal and Protective Order, DE 29.  The Court defers its ruling as to the issuance of a protective order until it makes a determination of whether subject matter jurisdiction exists.  However, the Court will address in this Order the request to file under pseudonym.  In support of their Motion, Defendants set forth that Plaintiffs are Internet personalities with millions of followers, *id.* at 3, and that Plaintiffs and their counsel have used social media and this lawsuit to publicize the Defendants' identities, despite the fact that the Romanian authorities and international press have not identified the Defendants, *id.* at 4, n.13.

Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a).  "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (quoting *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir. 1992)). "This creates a strong presumption in favor of parties' proceeding in their own names." *Id.*

However, this rule is not absolute, and a party may proceed anonymously, by showing that he "has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1315-16 (quotation marks omitted). The Eleventh Circuit has set forth several factors to be considered in this evaluation:

> (1) whether the party challenges government activity, (2) whether the party will be "required to disclose information of the utmost intimacy," (3) whether the party will be coerced into admitting illegal conduct or the intent to commit illegal conduct, thereby risking criminal prosecution, (4) whether the party is a minor, (5) whether the party will be exposed to physical violence should he or she proceed in their own name, and (6) whether proceeding anonymously "pose[s] a unique threat of fundamental unfairness to the" [other party].

*Doe v. Swearingen, 2019 WL 95548, at \*2 (S.D. Fla. Jan. 3, 2019*) (quoting *Francis*, 631 F.3d at 1316); *see also Strike 3 Holdings, LLC v. Doe*, 2019 WL 5722173 (M.D. Fla. Nov. 5, 2019) (using the factors in *Francis* and *Frank* to determine a defendant's motion to proceed anonymously). These factors receive considerable weight but are not exclusive; a court should review all circumstances in a given case and "then decide whether the customary practice of disclosing [a party's] identity should yield to [a party's] privacy concerns." *Frank*, 951 F.2d at 323. *See also Doe v. Swearingen*, 2019 WL 95548 at \*2 (S.D. Fla. Jan. 3, 2019) ("Overall, proceeding anonymously is an exceptional circumstance, as there is a heavy presumption favoring openness and transparency in judicial proceedings.")

The Court addresses the *Francis* factor for which the Defendants have asserted the most evidence and thus, is dispositive of the analysis: the risk of physical harm. The Defendants have attached to their Motion copies of threatening messages sent over social media, including the following statements copied verbatim:

- An Instagram comment with 8 likes: "Im getting a hitman." DE 29-1 at 12.
- A direct message: "Changing you name won't help, the world knows your name and what u are doing to innocent brothers, you're gonna get what's coming to you." DE 29-1 at 13.
- A Tweet with 10 likes: "Where can I Find This two?  I swear I will make self justice for tates they don't deserve This." DE 29-1 at 16.
- A comment: "Guys her location is on her twitter, she has been targeted and will be taken care of soon." DE 29-1 at 20.
- A comment: " . . . we are on our way to pay a visit" DE 29-1 at 23.
- A direct message: "You deserve to die." DE 29-1 at 24.
- A comment: "Karma will come back at you for trying to destroy two innocent men. . . . [Y]ou will get whats coming to you." DE 29-3 at 4.

These messages are a part of a greater deluge of online harassment toward the Victim Defendants. *See* DE 29-1, 29-2, and 29-3.  The Victim Defendants have provided sworn affidavits that their

family and friends have been contacted by strangers. DE 29-2 at 2, 29-3 at 7-8. In response, Plaintiffs argue that the social media profiles in the Defendants' screenshots which reveal the threatening messages should not be credited, DE 39 at 15-16.

The Court is unpersuaded by the Plaintiffs' argument and concludes that there is a risk of physical harm and that the safety concerns apply equally to all Defendants. The tenor of the online harassment directed toward the Defendants is such that, even if the other *Francis* factors did not weigh in the Defendants' favor, the Court nevertheless would conclude that the presumption of disclosure must yield to the Defendants' privacy and safety concerns. This case presents the "exceptional circumstance" justifying all Defendants' anonymity in the case. Accordingly, it is hereby **ORDERED AND ADJUDGED**:

- Plaintiffs' Motion to Proceed Under Pseudonym [DE 29] is **GRANTED**.

- The Clerk of the Court is **ORDERED** to change the styling of the case and previous case filings in accordance with this ruling, enabling the Defendants to proceed as Jane Doe, John Doe, June Doe, Mary Doe, and Liam Doe.

- Plaintiffs' Motion to for Leave to File Surresponse to Defendants' Reply to Plaintiff's Oppositions to Defendants' Motion to Proceed Under Pseudonym [DE 45] is **DENIED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 19th day of September, 2023.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record