UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No.: 9:23-cv-81150-RLR

ANDREW TATE AND TRISTAN TATE,

 Plaintiffs,

v.

JANE DOE et al.,

 Defendants.
_____/

**DEFENDANTS' MOTION TO STRIKE**

  Comes now, Defendants, by and through the undersigned counsel, and respectfully move this Honorable Court to strike from the Complaint all "redundant, immaterial, impertinent [and] scandalous matter" pursuant to Federal Rule of Civil Procedure 12(f).

  The Court has broad discretion when considering a motion to strike. *Tracfone Wireless, Inc. v. Access Telecom, Inc.,* 642 F. Supp. 2d 1354, 1360–61 (S.D. Fla. 2009). A court may strike from any pleading, any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 699 (S.D. Fla. 2013). But courts will only grant a motion to strike "if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Blake v. Batmasian*, 318 F.R.D. 698, 700–01 (S.D. Fla. 2017) (citing 2 James W. Moore *et al.*, Moore's Federal Practice ¶ 12.21[2], at 2317 (2d ed. 1992)). Thus, Rule 12(f) is an important remedy in cases like this one, because it "provides the Court with the discretion 'to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *See Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017); *see also Llewellyn-Jones v. Metro Property Group*, LLC, 22 F. Supp. 3d 760, 777 (E.D. Mich., 2014) (allegations of illegal activity by defendant that were immaterial and impertinent to plaintiff's claims were properly stricken); *Rosembert v. Borough of East Lansdowne*, 14 F. Supp. 3d 631,

649 (E.D. Pa. 2014) (allegations that cast defendant in a "cruelly derogatory light" and add nothing to substance of Plaintiff's claims were properly stricken).

The present Complaint is badly in need of "cleaning up." It is 57 pages long and 30 of those pages are devoted to smearing Jane Doe with the most "redundant, immaterial, impertinent [and] scandalous matter" imaginable:  insisting that while she was still a child, Jane Doe was a serial abuser who somehow contrived to exploit and endanger the adult men committing statutory rape against her. *See* Fed. R. Civ. P. 12(f). The Plaintiffs failed to connect any of their nasty allegations regarding Jane Doe's relationship and sexual history with any of their claims. Plaintiffs' Amended Complaint (herein after "Compl.") at ¶¶ 112 – 139. Although the Plaintiffs call Jane Doe a "serial liar, manipulator, and schemer," compl. at ¶¶ 112, 124, they have not sued her for defamation.

Additionally, there are no allegations that Liam Doe or Mary Doe, or even June and John Doe, had any knowledge of the alleged events involving statutory rapist Marlin Fisher or the other adult men who preyed on Jane Doe. Moreover, a primary source of Plaintiffs' information regarding these men is Marlin Fisher, a dubious source indeed. *See* Compl. at ¶¶ 49-51, 61-62. This becomes apparent when examining the references to "Jailed John." *See* e.g. Compl. at ¶¶ 49 ("At some point M. Fisher learns [Jane Doe] was a minor when she had a sexual relationship with Jailed John, that [Jane Doe] apparently lied to Jailed John when they met, and that Jailed John was going to do serious time because of it.") These references are patently false as demonstrated by criminal case documents showing his arrest and conviction for abusing two children, including Jane Doe. *See* Defs. Reply to Opp. To Motion for Protection, [DE 41]. Plaintiffs' allegations regarding that crime are disturbing because they seek to blame a child for her own child sexual abuse, they publicly identify a child sexual abuse victim when the Florida courts kept it confidential, and they do all this with falsehoods. Compl. at ¶ 49-53.  Clearly these references are "immaterial, impertinent, [and] scandalous," to say the least. They advance the Plaintiffs' case in no way and cause severe pain and harm to Jane Doe, so they should be struck. *Blake*, 318 F.R.D. at 700–01.

Because the Complaint fails to allege that June or John Doe, or Liam Doe, or Mary Doe, knew about these alleged activities by Jane Doe, and the Complaint does not include claims against Jane Doe for defamation, these allegations have no relevance to the claims advanced against any Defendants. And in fact, the allegations regarding Tyler Hensel and Joel Frydman,

both non-parties, contain no facts that Jane Doe accused either of anything or extorted them in any way. Compl. at ¶¶ 60-62. Joel Frydman appears to have had no knowledge of the alleged accusations made by Jane Doe until, according to compl. at ¶ 62, Marlin Fisher confronted him, or according to his Affidavit it was "[r]ecently, . . brought to [his] attention" that such accusations had been made. Compl. Ex. F [DE 31-4 at 114]. These contradict one another unless Marlin Fisher only recently confronted Frydman which would be strange since the last time he had any contact with Jane Doe was 2018 or 2019. [DE 31-4 at 113].

In any event, Plaintiffs are apparently alleging that then-minor Jane Doe "defamed" Joel Frydman by making accusations against him that he did not even know about. The more reasonable interpretation of the text messages in the Complaint is that Marlin Fisher was accusing Joel Frydman of rape because Jane Doe was underage, and in a twisted exchange is urging her to confront Frydman about the very crime he was currently engaged in, statutory rape. Compl. at ¶ 61. In that exchange, Jane Doe is patently refusing to make the accusations Plaintiffs so wish to claim she had. *Id.* It is as confusing as it is bizarre; and it is altogether irrelevant to the Tates' claims of false imprisonment, tortious interference with a business relationship, civil conspiracy, intentional infliction of emotional distress, and negligent infliction of emotional distress, which are based on the Romanian government's prosecution of the Tates. It is a clear "foray[] into immaterial matters." *See Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017). And it is just one of many examples of irrelevant, prejudicial, and dubious claims which paint Jane Doe in a "cruelly derogatory light," and should be struck. *Rosembert v. Borough of East Lansdowne*, 14 F. Supp. 3d 631, 649 (E.D. Pa. 2014).

Accordingly, Defendants move to strike from the Complaint all allegations relating to Jane Doe's sexual history and legal conclusions characterizing Jane Doe as a "con artist", "predator", "serial extortionist and blackmailer," "a controlling, aggressive, abusive, and sexually depraved woman," claims that "she did this to over thirty men", claims that she has an "insatiable emotional void," and claims relating to her "abusive, masochistic sexual conduct," and any allegations of similarly irrelevant, prejudicial, and scandalous nature. Compl. at ¶¶ 36-42, and 44-62. Any references to Marlin Fisher and any information deriving from Marlin Fisher, should be struck. *Id.* and Compl. Ex. A. [DE 31-4]. Marlin Fisher is a non-party and nothing from his complaint, filed by his counsel Thomas Maniotis, has any possible relationship to the claims alleged here. Marlin Fisher is a confessed statutory rapist of Jane Doe, and all the

information from this source is immaterial, impertinent, and scandalous. It does nothing but confuse the issues in this Complaint and prejudice Jane Doe; and accordingly, should be struck.

Furthermore, any allegations based on the Plaintiffs' suppositions of the most attenuated kind ("If called to testify . . . would like state that . . .") that "yet to turn 18" year old Jane Doe was responsible for the death of a 35-year-old man, should be struck. Compl. at ¶¶ 56-59. This is highly prejudicial and scandalous, and the Complaint fails to allege that Jane Doe ever lied to this man or accused him of anything, therefore, these allegations have absolutely no connection to the Plaintiffs' claims and should be struck.

Finally, the necessity of the present motion is made all the more urgent by the use of the scandalous content by the Plaintiffs and their attorneys on social media, as discussed in Defendants' Motion to Proceed under Pseudonym and for Protective Order [DE 29].  The mere fact that these allegations are contained in a public filing in a Florida court has provided a useful cover for the Plaintiffs and their representatives to splash them all over the internet, treating these scurrilous pejoratives as if they are proven and relevant facts, smearing Jane Doe in ways from which she may never recover.  We ask the court to prevent this wrongful abuse from continuing a moment longer.

## CONCLUSION

For the foregoing reasons, Defendants' respectfully request that the Court grant their Motion to Strike from the Plaintiffs' Amended Complaint the allegations contained in paragraphs 36-42, and 44-62, the accompanying Exhibits A, C, D, E, F, and L, [DE 31-4], and any other allegations or material the Court deems appropriate.

## Rule 7.1(a)(3) Certification

According to Rule 7.1(a)(3) counsel for the Defendants sought to confer with counsel for the Plaintiffs via email at 10:13am on September 24, 2023 and as of 5:35pm of the same day, have received no response. However, Defense counsel has raised the issue of the objectionable nature of the allegations in the Complaint many times previously, *see* [DE 29], [DE 41], and [DE 47], and Plaintiffs have made no indication that they would be willing to withdraw the allegations and have stated to counsel previously, "We will . . . object to any attempt to mischaracterize [Jane Doe] as a victim. . . .She is NOT a victim." Exhibit A (attached).

Therefore, counsel for the Defendants do not believe resolution on this issue is possible without court intervention and due to the urgent nature of the motion, counsel has proceeded with filing.

Respectfully Submitted,

Date: September 24, 2023

By: /s/ Danielle Bianculli Pinter
Danielle Bianculli Pinter
Fla. Bar No. 120441
Benjamin W. Bull*
Peter A. Gentala*
Christen M. Price*
Victoria Hirsh*
**National Center on Sexual Exploitation**
1201 F. St., NW, Suite 200
Washington, DC 20004
dpinter@ncoselaw.org
bbull@ncose.com
pgentala@ncoselaw.org
cprice@ncoselaw.org
vhirsch@ncoselaw.org
Telephone: 202-393-7245

Christian W. Waugh [FBN 71093]
Mary A. Norberg [FBN 1032028]
Sofie Bayer [FBN 1039616]
**WAUGH PLLC**
201 E. Pine Street, Suite 315
Orlando, FL 32801
cwaugh@waugh.legal
mnorberg@waugh.legal
sbayer@waugh.legal
Telephone: 321-800-6008
Fax: 844-206-0245

Jillian Roth, Esq. [FBN 1036053]
**Laffey, Bucci & Kent, LLP**
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
jroth@laffeybuccikent.com
Telephone: 215-399-9255
Fax: 215-241-8700

*Attorneys for Defendants*

*Admitted pro hac vice.

### Certificate of Service

I hereby certify that on September 24, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

### SERVICE LIST

Thomas Maniotis
Equity Legal, PLLC
5201 Blue Lagoon Dr., Flr. 8
Miami, FL 33126
321-313-8642
tamaniots@equitylegal.net

Joseph D. McBride
The McBride Law Firm, PLLC
99 Park Avenue, 6th Flr.
New York, NY 10016
917-757-9537
Jmcbridelawnyc.com

*Attorneys for Plaintiffs*