UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No.: 9:23-cv-81150-RLR

ANDREW TATE AND TRISTAN TATE,

    Plaintiffs

vs.

JANE DOE, et al.,

    Defendants.

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO FILE ROMANIAN INDICTMENT UNDER SEAL [DE 35]**

    Plaintiffs, ANDREW TATE AND TRISTAN TATE, by and through the undersigned counsel, file this Response in Opposition to DEFENDANTS' Motion to File Romanian Indictment under Seal [DE 35], for the grounds stated below.

**I.    BACKGROUND**

    On July 11, 2023, Plaintiffs brought this action, against Defendants, in state court arising out of defamation and false imprisonment. Defendants contend that this Court is the proper forum, which Plaintiffs vehemently disagree and, therefore, have a pending Motion to Remand to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

    While it is true that Plaintiffs are facing indictment under Romanian Law, the indictment ("Romanian Indictment") is horrifically deficient and many, if not all, of the allegations set forth in the indictment are able to be proven false simply by text messages. The Defendants' argument to file the Romanian Indictment under seal are also deficient in many respects. Also, Plaintiffs would be prejudiced if they were not provided with a copy of the alleged indictment that Defendants may rely on for the basis of their pleadings, motions, responses, and replies, as well as

1

any other defenses that might arise from use of the indictment or the ability to dissect such indictment. Defendants have already referenced the Romanian Indictment in several of their court filed documents.

Therefore, the Romanian Indictment should not be filed under seal for the reasons set forth in this Response.

## II.   LEGAL STANDARD

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234 (11th Cir. 2007); *Chicago Tribune,* 263 F.3d at 1312 (difference between "material filed with discovery motions and material filed in connection with more substantive motions"); *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 164 (3d Cir.1993) ("[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith."). However, the Court has the discretion to determine whether documents submitted as part of the record should be sealed. The Court's task "is only 'to balance the competing interests of the parties'" when determining whether to seal a certain document. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2001). While it is true that the Court has discretion to determine what documents submitted as part of the record should be sealed, the Court's task "is only to balance the competing interests of the parties'" when determining whether to seal a certain document. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2001).

"Among the factors that courts have recognized as warranting restricting access to court records is the use of records for 'illegitimate purposes [such] as to promote scandal.'" *Rossbach v. Rundle*, 128 F.Supp.2d 1348, 1352 (S.D. Fl. 2000) *quoting Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983). "[C]ommercial harm or embarrassment of a party does not alone

justify sealing the entire record of a case", *see Wilson v. American Motors Corp.*, 759 F.2d 1568, 1570- 71 (11th Cir. 1985).

**III.   THE DEFENDANTS HAVE ALREADY FILED DOCUMENTS THAT ARE OF SENSITIVE NATURE, AS CLAIMED HERE, AND SIMPLY REDACTED THE NAMES ACCORDING TO THIS COURT'S ORDER FOR DEFENDANTS TO PROCEED UNDER A PSEUDONYM**

While it is true that highly sensitive and potentially embarrassing personal information about individuals may be appropriate to seal to prevent scandal, the Court has already taken adequate steps to protect the identities of the alleged victims. This was handled in this Court's order allowing the Defendants to proceed under a pseudonym [DE 46]. Not only that, none of the alleged victims are under age in this case, as Jane Doe was at the time a police report was made for a prior alleged crime. A copy of the police report and other court documents were filed publicly by the Defendants, most likely to be used as more propaganda around the Internet in support of their defense. The police report in question has already been making its way around the Internet in support of Defendant, Jane Doe, which was filed by Defendants as Exhibit 2 in DE 46 and incorporated here as Exhibit A. <u>The Defendants cannot have it both ways</u>. They want to file certain documents that are of an alleged underage victim, but then want to file other documents under seal, as "sensitive", because those documents may not be as helpful for their propaganda. Here, the indictment is arguably very unhelpful for the media narrative that the Defendants are trying to perpetuate against Andrew Tate and Tristan Tate. In fact, the indictment is easily picked apart simply using text messages.

For this reason alone, the Defendants' motion to file the Romanian indictment under seal should be denied.

**IV.   THE INDICTMENT HAS BEEN MADE AVAILABLE ONLINE BY THE ROMANIAN COURTS**

In addition, it is apparent that the Romanian Indictment is being distributed to people around

the Internet that are pushing the propaganda of the Defendants. Plaintiffs have obtained social media documentation, which has been attached hereto as Exhibit B, showing that *The President of the Court of Bucharest* sent an email to the owner of a social media account titled "Murdered by Crayons." The caption accompanying the posting of the email evidencing the indictment being sent by the Romanian Court, albeit anonymizing the personal data of the alleged victims in the indictment, is as follows: "… I don't even know how to respond to such an ignorant comment besides showing the document and Romanian along with the email to me form [sic] the court with the document attached." The email was signed by *Judge Gabriela-Mihaela Risnovenu*. Other postings on social media have been included in Exhibit B, which show only the two front pages of the anonymized indictment until this Court determines whether the Romanian Indictment should be filed under seal.

These social media personae often are providing one-sided arguments and cherry picking from the indictment words that are convenient to support the Defendants and push the narrative that Defendants want to portray to the public. These social media personae have arguably harassed and embarrassed other alleged victims because those alleged victims spoke out against the allegations made against Andrew Tate and Tristan Tate, but these Defendants get protection afforded to them to anonymize their false claims and from a deficient indictment. This is patently unfair and prejudicial to the Plaintiffs.

Moreover, other various sources have the Romanian version of the indictment and other sources have the English translated version of the indictment available for download on the Internet. Therefore, it is imperative that the plaintiffs receive the Romanian Indictment, not under seal, to ensure the allegations made within the relied upon indictment are in fact accurate and Plaintiffs have the ability to defend against such attacks, as well as defend themselves in the court of public opinion.

Furthermore, Defendants conveniently claim that they are trying to file the indictment under seal "out of respect for [the Romanian] judicial process," which is evident that sending an anonymizing indictment is respecting their judicial process. Therefore, filing the indictment with the names redacted would certainly show "respect for their judicial process." It is clear that filing the indictment without seal would not prejudice or interfere with those proceedings, as the Court is sending the indictment around the world to various social media accounts.

Again, for this reason alone, the Defendants' motion to file the indictment under seal should be denied.

## V.     CONCLUSION

As it is clear that the Romanian courts do not prioritize the confidentiality of the indictment itself, but the names associated with the indictment, filing the indictment without seal and with the proper redaction and/or pseudonyms (in compliance with this court's order) is completely proper. In addition, media sources that are pushing the Defendants' theory of the case have been sent to the Romanian Indictment directly from the Romanian court, which may be construed as an effort to try to influence public opinion and pressure the courts for a ruling in favor of the Defendants.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to deny Defendants' Motion to file the Romanian Indictment under seal and any other relief that this court deems just and proper.

Respectfully submitted this 27th day of September 2023,

/s/ Thomas Maniotis, Esq.  
Thomas Maniotis, Esq.  
Florida Bar No. 122414  
Equity Legal, PLLC  
5201 Blue Lagoon Drive, Floor 8  
Miami, FL 33126  
p:321-313-8642  
e: tamaniots@equitylegal.net  
*Attorneys for Plaintiffs:*  
*Andrew & Tristan Tate*

/s/ Joseph D. McBride, Esq.  
Joseph D. McBride, Esq.  
NYS Bar No. 5445879 *Pro Hac Vice*  
THE MCBRIDE LAW FIRM, PLLC  
99 Park Avenue, 6th Floor  
New York, NY 10016  
p: (917) 757-9537  
e: jmcbride@mcbridelawnyc.com  
*Attorneys for Plaintiffs:*  
*Andrew & Tristan Tate*

### CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1(a)(3), I hereby certify that I made a good faith effort to confer with counsel for Defendants. Defendants oppose the relief sought in this Motion.

/s/ Thomas Maniotis, Esq.  
Thomas Maniotis, Esq.

### CERTIFICATE OF FILING AND SERVICE

I hereby certify that on September 27th, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will, on the same day, electronically serve true and exact electronic copies on the persons below to their stated email addresses:

/s/ Thomas Maniotis, Esq.  
Thomas Maniotis, Esq.